IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MARTIN RUGAMBA,                          :

    Plaintiff,                              :

        v.                                    :     Civil Action No. GLR-15-3948

ROCKLEDGE BUS (TOUR), INC., et al.,      :

    Defendants.                             :

## MEMORANDUM OPINION

On December 24, 2015, Plaintiff Martin Rugamba, acting pro se, filed a Complaint (ECF No. 1) and a Motion to Proceed in Forma Pauperis (ECF No. 2).[1] For the reasons that follow, the Court will grant his Motion to Proceed in Forma Pauperis, but will dismiss his Complaint.

Although Rugamba did not file his Motion on the proper forms, he appears to be indigent. Therefore, Rugamba's Motion to Proceed in Forma Pauperis will be granted.

Under Federal Rule of Civil Procedure 8(a), a pleading which sets forth a claim for relief shall contain: (1) a short and plain statement of the grounds for the court's jurisdiction; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought. The "short and plain statement of the claim" must simply "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Under Rule 8(d)(1), each allegation in a complaint should be "simple, concise, and direct." Furthermore, a pleading that offers labels and conclusions or a formulaic recitation

---

[1] It appears that the Complaint and Motion were first received in the District Court for Baltimore City, Maryland on December 21, 2015. (See ECF No. 1). For unknown reasons, the pleadings were forwarded to this Court.

of the elements of a cause of action does not satisfy Rule 8's basic pleading requirements. <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)).

The Court has thoroughly examined the Complaint and finds it does not comply with federal pleading requirements.  Instead of a concise statement of facts as to the underlying cause of action, the Complaint is replete with legal statements and conclusions.  What is more, significant portions of the Complaint are nonsensical.  Even affording the Complaint the most liberal construction, as the Court is required to do in this instance, the Court cannot determine the precise nature of the allegations, the jurisdictional basis for the Complaint, or how each Defendant is implicated.  See <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007) (citing <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976))

For the foregoing reasons, Rugamba's Motion to Proceed in Forma Pauperis is GRANTED, and Rugamba's Complaint is DISMISSED.[2]  Entered this 11th day of January 2016. A separate Order follows

/s/
_____
George L. Russell, III
United States District Judge

---

[2] It appears that Rugamba may have intended to file this action in state court.  (See ECF No. 2).  Rugamba is advised that the address for that court is: District Court of Maryland for Baltimore City, Civil Division, 501 E. Fayette Street, Baltimore, Maryland 21202.